Summary Order
Petitioner-appellant appeals from an order of the Eastern District of New York (Jack B. Weinstein, Senior District Judge), denying his habeas corpus petition. The district court granted a certificate of appealability on petitioner’s claim of inadequacy of trial counsel. Familiarity with the facts, procedural history and issues on appeal is assumed.
*502 We review the denial of a petition for a writ of habeas corpus de novo. Jenkins v. Artuz, 294 F.3d 284, 290 (2d Cir.2002); Leka v. Portuondo, 257 F.3d 89, 98 (2d Cir.2001).
As this Court noted in Henry v. Poole, 409 F.3d 48 (2d Cir.2005), “a petitioner whose claim is that he received ineffective assistance of counsel not only must satisfy the Strickland [v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ] standard but also must show that the state court’s rejection of his claim either was contrary to Stnckland or was an unreasonable application of Strickland. ” Id. at 67-68. Petitioner contends that the state court’s denial of his appeal relied on an “unreasonable application” of Strickland. We disagree.
Strickland sets forth a two-pronged test for determining whether a defendant’s Sixth Amendment right to effective assistance of counsel has been violated. 466 U.S. at 687, 104 S.Ct. 2052; see also Henry, 409 F.3d at 62-63. Under Strickland, to prevail on a Sixth Amendment claim, a petitioner must prove both (a) “that counsel’s representation fell below an objective standard of reasonableness” measured according to “prevailing professional norms,” 466 U.S. at 688, 104 S.Ct. 2052, and (b) “that the deficient performance prejudiced the defense,” id. at 687, 104 S.Ct. 2052, such that “there is a reasonable probability that, but for counsel’s unprofessional er rors, the result of the proceeding would have been different.” id. at 694, 104 S.Ct. 2052; see also Henry, 409 F.3d at 63; United States v. Eyman, 313 F.3d 741, 743 (2d Cir.2002) (per curiam).
The Appellant fails to satisfy the first prong of the Strickland test because counsel’s decisions with respect to Barclay’s treating physician were not unprofessional, but strategic. Henry, 409 F.3d at 63. Moreover, the Appellant fails to meet the second prong of the test because the decision not to call the physician has not been shown to result in prejudice. See id. (explaining that an “ ‘error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment’ ”) (quoting Strickland, 466 U.S. at 691, 104 S.Ct. 2052). Given the record, there is no reasonable probability that counsel’s failure to call defendant’s physician to testify about his physical inabilities, or specifically his ability to commit the alleged attack, affected the outcome of defendant’s trial. Consequently, the defendant has failed to satisfy the Strickland standard.
For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.